UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>1.     FILOMENO MONTEIRO,   )<br>       Defendant           ) | Cr. No. 20-10072-PBS |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE
FROM PRE-TRIAL DETENTION

On March 16, 2020, the defendant, FILOMENO MONTEIRO, consented to a voluntary order of detention (Docket No. 12). This was not a surprise – MONTEIRO conspired to distribute and distributed fentanyl and sold a firearm to an undercover police officer and cooperating witness while on probation for aggravated assault and kidnapping. On April 1, 2020, MONTEIRO filed a motion to re-open his detention hearing based on the danger posed by the COVID-19 virus (Docket No. 27-28). On April 2, 2020, MONTEIRO withdrew his own motion (Docket No. 30), only to re-file it on April 6, 2020 (Docket No. 32).

For the reasons set forth in the government's filing concerning MONTEIRO's co-defendant COLLINS (see Docket No. 14 and Exhibit 1, ¶¶ 14-29), the Court should conclude that MONTEIRO is a danger to the community and a risk of flight. Between December 2019 and January 2020, agents made four controlled purchases totaling approximately 75 grams of fentanyl from MONTEIRO and COLLINS. On January 3, 2020, COLLINS and MONTEIRO worked together to distribute 10 grams of fentanyl and a Taurus .38 caliber handgun to CW-1 and the UC. At the time of these videotaped controlled sales, MONTEIRO was on probation after he and a group of other men tortured and kidnapped a man. Based on his convictions for kidnapping and possession with intent to distribute cocaine, MONTEIRO is a career offender

under USSG § 4B1.2. With an applicable 851 Information, MONTEIRO faces a guideline sentencing range ("GSR") of 360-life in prison after trial or 262-327 months in prison with timely acceptance.

In his motion, MONTEIRO presents only generalized concerns about his circumstances and presents no individualized facts regarding his health that would serve to put him at particular risk. See, e.g., United States v. De La Cruz, Cr. No. 19-10447-RGS (electronic order dated March 25, 2020 denying motion to reconsider detention based on generalized COVID-19 concerns at Wyatt). Given the presumption in favor of detention in this type of drug trafficking offense, see 18 U.S.C. § 3142(e), the overwhelming strength of the evidence, the danger MONTEIRO poses to the community, and the generalized nature of MONTEIRO's claim, the government requests that MONTEIRO's motion be denied.

    Respectfully submitted,

    ANDREW E. LELLING
    United States Attorney

By:   /s/ Christopher Pohl
    Christopher Pohl
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 9, 2020.

    /s/ Christopher Pohl
    Christopher Pohl
    Assistant U.S. Attorney